IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BOYCE WESLEY SLAYMAN,

    Plaintiff,

v.

UNITED STATES INTERNAL REVENUE SERVICE,

    Defendant.

CIVIL ACTION NO.: 4:19-cv-74

## O R D E R

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 9). Plaintiff Boyce Wesley Slayman, proceeding *pro se*, initiated this action against Defendant United States Internal Revenue Service on April 9, 2019 to challenge the assessment of employment tax penalties against him. (Doc. 1.) Defendant filed the at-issue Motion on July 15, 2019, seeking to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 9.) When Plaintiff failed to respond to the Motion to Dismiss, the Court issued an Order directing Plaintiff "to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss," or, in the alternative, to file an Amended Complaint.[1] (Doc. 10.) Plaintiff duly filed an Amended Complaint, (doc. 11), and on May 11, 2020, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, (doc. 13).

---

[1] Federal Rule of Civil Procedure 15(a) provides, in relevant part, that a plaintiff who fails to amend his pleading within twenty-one days after service of a motion filed under 12(b) may amend his pleading "with the court's leave." Additionally, "a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." Ross v. Apple, Inc., 741 F. App'x 733, 736 (11th Cir. 2018)) (citing Silva v. Bieluch, 351 F.3d 1045, 1049 (11th Cir. 2003)).

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). To be sure, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

The Court has reviewed Plaintiff's Amended Complaint and found no reference to, or adoption of, any allegations set forth in his prior pleading. (See doc. 11.) As such, Plaintiff's Amended Complaint is the sole operative pleading in this case and renders moot Defendant's first Motion to Dismiss, (doc. 9). Moreover, mootness is particularly applicable in this case as Defendant has recently filed a second Motion to Dismiss that directly addresses the specific allegations in Plaintiff's Amended Complaint. (Doc. 13.) Accordingly, the Court **DENIES as moot** Defendant's Motion to Dismiss Plaintiff's Complaint, (doc. 9), and will address Defendant's more recent Motion to Dismiss once the briefing period has ended. See S.D. Ga. L.R. 7.5 (generally, "each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion" and "[f]ailure to respond . . . shall indicate that there is no opposition");

S.D. Ga. L.R. 7.6 ("A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief.").[2]

**SO ORDERED**, this 13th day of May, 2020.

_____
JUDGE R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court reminds Plaintiff of his obligation to respond to the Motion to Dismiss and that even "[a] *pro se* litigant 'is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.'" Johnson v. Rosier, 578 F. App'x 928, 930 (11th Cir. 2014) (citation omitted); see also Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) ("[A] district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court.").

3