## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

BOYCE WESLEY SLAYMAN, Sr.,

        Plaintiff,

    v.

UNITED STATES INTERNAL REVENUE
SERVICE,

        Defendant.

CIVIL ACTION NO.: 4:19-cv-74

## <u>O R D E R</u>

Plaintiff Boyce Wesley Slayman, Sr., proceeding *pro se*, initiated this action against the United States Internal Revenue Service seeking a determination that he is not liable for trust fund recovery penalty taxes assessed against him as a responsible officer who willfully failed to collect, account for, and prepare the employment and income taxes withheld from the employees of Poppa B's Restaurant, LLC, for the quarters covering from June 2007 through December 2007. (Doc. 11.) Presently before the Court is the United States' Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 13.) For the reasons explained below, the Court **GRANTS** the United States' Motion to Dismiss. (<u>Id.</u>)

## BACKGROUND

Plaintiff previously co-owned a restaurant, Poppa B's Restaurant, LLC, with his son, but he left the business due to poor mental health. (Doc. 11, p. 2.) In 2013, the IRS determined that Plaintiff was a responsible officer of the business who willfully failed to collect, account for, and prepare the employment and income taxes withheld from the employees of the restaurant for

quarters covering from June 2007 through December 2007.  (Id. at p. 1; doc. 13, p. 1.)   Although details in Plaintiff's Amended Complaint are sparse, it appears that the IRS assessed trust fund recovery penalty taxes against Plaintiff for that time period.[1]  (Doc. 11, p. 1.)

Plaintiff filed his original Complaint on April 9, 2019, seeking a determination that he was not a responsible person of the business during the relevant time period and, thus, not liable for the unpaid taxes.  (Doc. 1, p. 8.)  After the United States filed its original Motion to Dismiss, (doc. 9), Plaintiff filed an Amended Complaint in which he made the same substantive allegations as in his original Complaint.[2]  (See doc. 11.)   The United States then filed the at-issue Motion to Dismiss, (doc. 13), and Plaintiff filed an Objection to the Motion, (doc. 15).  According to Plaintiff, he was absent from the business during the relevant time period due to his illness, and, thus, should "not be held accountable for non[-]payments of the trust fund portions of [the relevant] employment taxes."  (Doc. 11, p. 2.)  Furthermore, Plaintiff asserts that "the only recourse for a final internal IRS Appeal Hearing Decision is to take the matter to federal court" and that "[b]ecause [the Amended Complaint] is in furtherance of the IRS Appeal process[,] this court is the appropriate venue."  (Id. at p. 1.)   In its Motion, the United States argues: (1) that the Declaratory Judgment Act and the Anti-Injunction Act bar Plaintiff's suit, and (2) that Plaintiff failed to allege facts showing that the United States waived its sovereign immunity to the claims Plaintiff asserts.  (Doc. 13, pp. 2–4.)

---

[1]  Trust fund recovery penalty taxes "are not a penalty but a statutory means for the IRS to pursue trust fund taxes, i.e., those that employers withhold and pay directly to the government."  Scott v. United States, 825 F.3d 1275, 1279 (11th Cir. 2016).  "Under the governing statute, [26 U.S.C.] § 6672, a person responsible for paying the taxes is personally liable if he has 'willfully failed to perform a duty to collect, account for, or pay over federal employment taxes.'"  Id. (quoting Thosteson v. United States, 331 F.3d 1294, 1298–99 (11th Cir. 2003)).

[2]  The Court previously denied as moot the United States' original Motion to Dismiss and found that Plaintiff's Amended Complaint supersedes the original Complaint and serves as the sole operative pleading in this case.  (Doc. 14.)

**STANDARD OF REVIEW**

A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings.  McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).  "If the challenge is facial, 'the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised.'"  Id. (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).  Thus, "[a] 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion.'"  Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  Here, the United States raises a facial attack. (See doc. 13.)

Additionally, in its analysis, the Court will abide by the long-standing principle that the pleadings drafted by unrepresented parties are held to a less stringent standard than those drafted by attorneys, and therefore, must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

3

## DISCUSSION

### I.      The Declaratory Judgment Act and the Anti-Injunction Act Bar Plaintiff's Suit

"The Anti-Injunction Act generally prohibits suits challenging the assessment or collection of a tax before the tax is collected."[3]  In re Walter Energy, Inc., 911 F.3d 1121, 1136 (11th Cir. 2018) (citing 26 U.S.C. § 7421(a)).  "Instead, taxes ordinarily may be challenged only after they are paid, by suing for a refund."  Id.  The purpose of the Anti-Injunction Act is to "protect[] the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes."  Id. (quoting Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 543 (2012)).  "When the Anti-Injunction Act applies, it deprives federal courts of jurisdiction."  Id.  Furthermore, except in limited circumstances that are not present in this case,[4] "[t]he Declaratory Judgment Act . . . , 28 U.S.C. § 2201, which generally authorizes courts to issue declaratory judgments as a remedy, excludes federal tax matters from its remedial scheme."  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188–89 (11th Cir. 2011). "Taking these provisions together, it is clear that . . . judicial review of IRS determinations is largely circumscribed to entertaining suits for the refund of already-paid taxes."  Id. at 1189; see also Dileng v. Comm'r of Internal Revenue Serv., 157 F. Supp. 3d 1336, 1342 (N.D. Ga. 2016)

---

[3]  There are some exceptions to the Anti-Injunction Act.  See Gulden v. United States, 287 F. App'x 813, 816–17 (11th Cir. 2008); Wood v. United States, No. 20-cv-81663-RAR, 2021 WL 327640, at *4 n.4 (S.D. Fla. Jan. 31, 2021).  However, none of these exceptions appear relevant to the facts of this case, and Plaintiff does not argue that any of them apply here.

[4]  "The Declaratory Judgment Act excepts from its prohibition actions brought under [S]ection 7428 of the Internal Revenue Code of 1986," which "addresses declaratory judgments relating to the status and classification of organizations under 26 U.S.C. § 501(c)(3)."  Morrissey v. United States, 226 F. Supp. 3d 1338, 1346 n.5 (M.D. Fla. 2016) (internal quotations omitted).  "The Act also excepts from the prohibition certain proceedings under the bankruptcy code, and civil actions involving certain duties under the Tariff Act of 1930."  Id.

("In short, the statutory grant of jurisdiction to the Court to hear a challenge to a tax assessment and liability is narrow and limited to an action for a refund of taxes fully paid.").

Here, Plaintiff appears, in effect, to be bringing a claim for a declaration that he is not a responsible officer of the restaurant and, thus, prevent the government from collecting the taxes assessed against him.  (See doc. 11.)  However, Plaintiff failed to allege facts showing that he paid the tax deficiency, and he stated in his Objection that his case "is about *responsibility for taxes being in dispute*" and not "*refunds of taxes paid*."  (Doc. 15, p. 1 (emphasis in original).)  Thus, to the extent Plaintiff seeks declaratory or injunctive relief, such claims are barred by the Declaratory Judgment Act and the Anti-Injunction Act.  See, e.g., Wood, 2021 WL 327640, at *4 ("The Court . . . finds that it lacks jurisdiction to entertain Plaintiff's claims for injunctive relief. . . . Further, to the extent Plaintiff seeks a declaratory judgment as to the IRS's authority to audit his tax returns, such a claim is barred by the Declaratory Judgment Act.").

## II.    Sovereign Immunity Bars Plaintiff's Suit

Sovereign immunity also bars this Court from exercising subject matter jurisdiction over Plaintiff's claims.  Under the doctrine of sovereign immunity, the United States, as a sovereign entity, "is immune from suit unless it consents to be sued."  Christian Coal. of Fla., Inc., 662 F.3d at 1188.  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).   In addition, the terms of the statute waiving sovereign immunity "are construed strictly."  Christian Coal. of Fla., Inc., 662 F.3d at 1188.  "When the United States has not consented to suit, the action must be dismissed for lack of subject matter jurisdiction."  Pace v. Platt, No. 3:01-CV-471/LAC, 2002 WL 32098709, at *3 (N.D. Fla. Sept. 10, 2002) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).  Furthermore, "[t]he plaintiff bears the burden of establishing subject-matter jurisdiction."

Lawrence v. United States, 597 F. App'x 599, 602 (11th Cir. 2015) (per curiam) (citing Sweet Pea

Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)).  Here, that means that

Plaintiff bears the burden of establishing a waiver of sovereign immunity.  See id.

"The primary jurisdictional statute governing judicial review of federal tax decisions is 28

U.S.C. § 1346(a)."  Christian Coal. of Fla., Inc., 662 F.3d at 1188.  Section 1346(a) provides, in

relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States
> Court of Federal Claims, of: (1) [a]ny civil action against the United States for the
> recovery of any internal-revenue tax alleged to have been erroneously or illegally
> assessed or collected, or any penalty claimed to have been collected without
> authority or any sum alleged to have been excessive or in any manner wrongfully
> collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1).  However, before proceeding with a suit under Section 1346, a taxpayer

must satisfy two jurisdictional requirements.  Lawrence, 597 F. App'x at 602–03.  "First, the

taxpayer must satisfy the 'full-payment' rule.  Namely, the taxpayer must make 'full payment of

an assessed tax' before filing a refund suit with respect to that tax."  Id. at 602 (citing Flora v.

United States, 357 U.S. 63, 68–70 (1958)).  In other words, "to maintain a tax suit in federal court[,]

the Plaintiff must 'pay first, litigate later.'"  Todd v. United States, No. 4:08-cv-34, 2009 WL

3152863, at *3 (S.D. Ga. Sept. 29, 2009) (quoting Flora v. United States, 362 U.S. 145, 170 n.37

(1960).  An exception to the full-payment rule applies in the case of a divisible tax, such as a

payroll withholding tax.  See id.  In such a case, instead of paying the full tax deficiency, "a

responsible person need only pay tax attributable to one employee for one quarter in order to

maintain a claim for refund."  Id. (quoting USLIFE Title Ins. Co. of Dallas ex rel. Matthews v.

Harbison, 784 F.2d 1238, 1243 n.6 (5th Cir. 1986)).

The second jurisdictional requirement a taxpayer must satisfy is the requirement to "duly

file[]" a claim for refund or credit with the Secretary of Treasury.  Lawrence, 597 F. App'x at 602–

03.  "[N]o refund suit may be maintained in any court 'until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.'"  Id. (quoting 26 U.S.C. § 7422(a)).  "To be 'duly filed,' the administrative claim must, among other things, be brought either within three years from the time the tax return was filed or two years from the time the tax was paid."  Id. at 603 (citing 26 U.S.C. § 6511(a)).

Here, Plaintiff has not established that he satisfied the full-payment rule under 28 U.S.C. § 1346(a) for a waiver of sovereign immunity.  Plaintiff alleges that he "ought not be held accountable for non[-]payments of the trust fund portion of [the unpaid] employment taxes." (Doc. 11, p. 2.)  However, even if the taxes assessed against Plaintiff are divisible as the United States concedes, (Doc. 13, p. 3), Plaintiff failed to allege facts showing that he paid the tax attributable to one employee for any of the relevant quarters.  (See doc. 11.)  Indeed, Plaintiff does not allege anywhere in his Amended Complaint or his Objection that he has paid any portion of the tax deficiency at all.  (See docs. 11, 15.)  For Plaintiff to satisfy his burden of showing the United States waived sovereign immunity as to his suit, he would have had to allege facts showing that he (1) paid the tax for at least one employee for one quarter at issue and (2) filed a valid claim for a refund with the Secretary of Treasury.  See Lawrence, 597 F. App'x at 602–03; Todd, 2009 WL 3152863, at *3; Wood, 2021 WL 327640, at *3.  However, he has not alleged that he has done so.  Thus, Plaintiff failed to satisfy his burden to show the United States waived sovereign immunity as to his suit.  Accordingly, the Court **GRANTS** the United States' Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 13.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the United States' Motion to Dismiss Plaintiff's Amended Complaint, (doc. 13), and **DISMISSES without prejudice** Plaintiff's claims against the United States pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 29th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA